# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

GEORGETTE OKRAY and
FREDDIE OKRAY,

           Debtors.

Case No. F07-00645-DMD
Chapter 13

**Filed On 11/24/08**

## MEMORANDUM REGARDING DEBTORS' OBJECTIONS
## TO CLAIM NO. 15 [Allen and Donna Dennis]

Creditors Allen Dennis and Donna Dennis have filed two proofs of claim in this case. Their first proof of claim, filed March 3, 2008, is a secured claim for $68,217.00, including arrearages of $14,000.00. Their second claim, which amends the first, was filed on April 29, 2008. In that claim, the Dennises assert a secured claim of $114,217.00, including arrearages of $15,577.42.

The Dennis's claim is based on a note and deed of trust which the debtors executed in October, 2001, in connection with their purchase of real property in Salcha, Alaska, from the Dennises. In 2006, disputes arose between the parties. The Okrays fell behind in their payments to the Dennises. The Dennises entered the Salcha property before completing a non-judicial foreclosure and destroyed the Okrays' personal property. The Okrays regained possession of the property and, after filing their petition, initiated an adversary complaint against the Dennises.[1] They obtained a judgment against the Dennises in the principal sum of $26,544.26. The judgment is for damages for the Dennis's conversion and destruction of personal property. The Okrays seek to set this judgment off

---

[1] *See Memorandum Decision*, entered September 30, 2008 (Docket No. 24), in *Okray v. Dennis (In re Okray)*, Adv. No. F08-90010-DMD.

against the Dennis's claim. They also take issue with portions of the arrearage claim as well as the overall secured claim. I have examined the documentation filed by both parties in support of their positions and agree that the Dennis's claim should be reduced.

First, in calculating the arrearage amount, the Dennises have included a copying cost of $29.80. This sum is for the cost of copies of the depositions of GVEA and Ken Murray Insurance that were taken by Mr. Satterberg, an attorney who had represented the debtors before their bankruptcy petition was filed. The GVEA deposition was taken to determine when power was turned on during the time that the Dennis's relative, Jeremy Symens, occupied the Salcha property. This deposition cannot be considered a cost of foreclosure, and therefore should not be included in the arrearage amount. The deposition of Ken Murray Insurance, on the other hand, was taken to determine whether the Salcha property was insured. This portion of the deposition copying cost, or $14.90, is a legitimate cost of foreclosure which should be borne by the Okrays.

The Okrays dispute the escrow fees charged by Denali Escrow Services, Inc. The Dennis's original calculation of fees due the escrow company was $560.00.[2] A subsequent analysis put the amount of delinquent fees at $1,180.00. Mrs. Okrays says she doesn't want to pay the escrow fees because she never agreed to termination or reinstatement of the escrow. She did, however, agree to pay all escrow fees for the account at the inception of the escrow. Further, the Okrays' erratic payment history on this account has been a prime cause of these termination and reinstatement fees. In my view, the debtors should be responsible for all escrow fees which have been incurred in the matter.

---

[2] *See* T. Wickwire's Apr. 28, 2008, letter to E. LeRoy, Ex. 7.1 to Debtors' Supplemental Obj. to Claim # 15, filed Sept. 9, 2008 (Docket No. 56).

2

The Okrays dispute the amount of fees charged by the Dennis's attorney, Thomas Wickwire, in the sum of $1,980.00. They argue that not all the fees were incurred in connection with the foreclosure, contending that $1,000.00 is a more appropriate figure. A portion of Mr. Wickwire's time was spent dealing with Mr. Satterberg on the debtors' conversion claims, pre-petition. This time is not a cost of foreclosure. I will deduct 2.5 hours at $180.00 an hour (or $450.00) for time Mr. Wickwire spent dealing with Satterberg and the debtors' conversion claims. Attorney's fees will be allowed in the sum of $1,530.00 as foreclosure costs.

The Dennis's have incurred a variety of costs as a result of the Okrays' payment defaults. Under my view of the evidence, the costs attributable to foreclosure, and thus allowable as part of the arrearage claimed by the Dennises, include:

| | Item | Amount |
|---|---|---|
| 1. | Certified mailing costs | $    28.85 |
| 2. | Fairbanks Title fees | 456.00 |
| 3. | Court courier service | 127.00 |
| 4. | Publication Costs, Fairbanks Daily News Miner | 629.28 |
| 5. | Liz D'Amour, copy records deposition of Ken Murray Insurance | 14.90 |
| 6. | Escrow fees | 1,180.00 |
| 7. | 2004 & 2005 Fairbanks North Star Borough taxes | 2,288.29 |
| 8. | Ken Murray Insurance | 844.00 |
| 9. | Fairbanks Title postponement fee | 25.00 |
| 10. | Attorney's Fees, Thomas Wickwire (for foreclosure only) | 1,530.00 |
| | Total Costs | $7,123.32 |

3

In addition, the debtors owe sixteen pre-petition payments of $499.00 to the Dennises, or $7,984.00. Combining this sum with the allowable foreclosure costs brings the total arrearage to $15,107.32 as of the date of the filing of the Okrays' petition, December 7, 2007.

Having determined the allowable arrearage amount, the question becomes: what was the remaining balance due on the note as of December 7, 2007? On the date the petition was filed, the outstanding principal balance was $53,915.44. Interest from October 4, 2006, to December 7, 2007, was $6,351.66. Costs were $7,123.32. The total of these three amounts is $67,390.42. This is the amount of the Dennis's secured claim, as of December 7, 2007. This sum is subject to setoff of the Okrays' judgment for damages.

The Okrays have suggested that setoff of the two parties' claims should be calculated as of May, 2006, when the conversion and destruction of their personal property occurred. I am not inclined to adopt such an approach. From my viewpoint, the most logical date for application of the setoff is December 7, 2007, the date the debtors' chapter 13 petition was filed. Under my calculations, the Okrays will not be required to cure the mortgage arrearage with actual cash, nor will they be required to pay interest thereon. The Okrays also receive the benefit of the improvements the Dennises made to the Salcha property at no cost to themselves. I think they are being treated fairly under the circumstances.

I conclude that the Dennis's secured claim of $67,390.42 will be setoff by the Okrays' judgment of $31,937.70, leaving a secured claim of $35,452.72 as of December 7,

4

2007.  Claim No. 15 will be allowed as a secured claim in the amount of $35,452.72.  There will be no arrearage to cure under the Okrays' chapter 13 plan; it has been eliminated by the setoff.  However, the Okrays will be required to continue their monthly payments of $499.00 until the Dennis's secured claim has been paid in full.

An order and judgment will be entered consistent with this memorandum.

DATED: November 24, 2008.

> BY THE COURT
>
> /s/ Donald MacDonald IV
> DONALD MacDONALD IV
> United States Bankruptcy Judge

Serve:  E. LeRoy, Esq.
        T. Wickwire, Esq.
        L. Compton, Trustee
        U.S. Trustee
        Claims Register

11/24/08

5